```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CLINTON SEWELL, M.D. and
CARICARE MEDICAL SERVICES, P.C.,
                                                                            Case No. 04-CV-04474
                                    Plaintiffs,                             ECF Case

            -against-

1199 NATIONAL BENEFIT FUND FOR HEALTH
and HUMAN SERVICES,

                                    Defendant.
-----------------------------------------------------------------------X
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS IN LIEU OF AN ANSWER**

**Preliminary Statement**

Defendant, 1199 National Benefit Fund For Health and Human Services (the "Fund"), submits this memorandum of law and accompanying Affirmation of Key A. Mendes, sworn to July 26, 2004 ("Mendes Aff."), in support of its motion to dismiss the Plaintiffs' Complaint against the Fund pursuant to Federal Rule of Civil Procedure 12(b)(1).

Plaintiffs and Defendant are party to a Physician Participation Agreement (the "Contract") wherein Plaintiffs agreed to provide medical services to members of 1199SEIU New York's Health and Human Service Union, AFL-CIO (the "Union"). By this action, Plaintiffs sued Defendant alleging a balance due for medical services provided from January 2000 through May 2004 to the Union's members who are also beneficiaries of the Fund.

Plaintiffs allege that their breach of contract claims arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001 et seq. ("ERISA"). Since Plaintiffs do not qualify as participants, beneficiaries, or assignees under ERISA, their argument that this action is governed by ERISA is incorrect. Accordingly, this Court lacks jurisdiction to hear this case, and

Plaintiffs' Complaint must be dismissed.

## Relevant Facts and Procedural History

The Fund is a multi-employer trust fund established in accordance with Section 186(c) of the Labor Management Relations Act of 1947, an "employee welfare benefit plan" as that term is defined in ERISA and a Voluntary Employee Beneficiary Association, as that term is defined in Section 501(c)(9) of the Internal Revenue Code (Mendes Aff., ¶ 4). The Fund is not insurance an company and is not subject to New York State Insurance law; it is a trust fund and self-funded employee welfare plan governed by ERISA that provides eligible participants medical benefits (Mendes Aff., ¶ 4).

As a multi-employer trust, the Fund is entirely financed with contributions from contributing employers pursuant to various collective bargaining agreements with the Union and the employers, or their bargaining agents, such as the League of Voluntary Hospitals and Homes of New York (Mendes Aff., ¶ 4).

On January 19, 1999, Plaintiffs and Defendant entered into the Contract, wherein Plaintiffs agreed to provide health care services to enrollees under the Fund's plan of benefits (see Contract, p. 1, attached as Exhibit A to Plaintiffs' Complaint). The Defendant agreed to compensate Plaintiffs for covered services rendered to its enrollees (see Contract, ¶ 5). Plaintiffs now bring claims for breach of contract alleging that Defendant failed to compensate them for covered services rendered from January 2000 through May 2004 (see Complaint, ¶¶ 15-34). Plaintiffs argue that since the Fund's plan is governed by ERISA, this Court has jurisdiction over their breach of contract claims (Mendes Aff., ¶ 7).

Furthermore, Plaintiffs do no have standing to sue in federal court as assignees of a plan beneficiary under 29 U.S.C. § 1132(a), because no form of assignment of benefits was executed

(Mendes Aff., ¶ 8).  Upon execution of the Contract between Plaintiffs and Defendant, Plaintiffs agreed to look solely to the Fund for payment of all claims for covered service (Mendes Aff., ¶ 8).  Section 6 of the Contract stipulates that:

> In no event, including but not limited to non-payment by the Benefit Fund or other breach of this agreement, **shall** Physician bill, charge, collect a deposit from, seek compensation, remuneration or reimbursement from or have any recourse against any Member or person acting on the Member's behalf for services provided pursuant to this Agreement.

By entering into the Contract with Defendant, Plaintiffs agreed not to accept an assignment from the Fund's members (Mendes Aff., ¶ 10).  Therefore, since Plaintiffs do not qualify as participants, beneficiaries, or assignees under ERISA § 502(a)(1), their argument that this action is governed by ERISA is incorrect.  Accordingly, this Court lacks jurisdiction to hear this case, and Plaintiffs' Complaint must be dismissed.

## ARGUMENT

### POINT I

**PLAINTIFFS' BREACH OF CONTRACT CLAIMS ARE NOT GOVERNED BY ERISA**

Plaintiffs are participating providers with the Fund, having signed the Contract on January 19, 1999 to provide services to Fund participants.  Plaintiffs allege that jurisdiction is conferred on this Court by ERISA (see Complaint, ¶ 4).  Since Plaintiffs do not qualify as participants, beneficiaries, or assignees under ERISA § 502(a)(1), their argument that this action is governed by ERISA is incorrect.  Therefore, this Court lacks jurisdiction to hear Plaintiffs' Complaint.

It is well established that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.  Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987).  The well-pleaded complaint rule is the basic principle marking

the boundaries of the federal question jurisdiction of the federal district court.  <u>Metropolitan</u>, 481 U.S. at 63.  The express grant of federal jurisdiction found in ERISA is limited to suits brought by certain parties, to whom Congress determined that a right to enter federal court was necessary to further the statute's purposes.  <u>Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for So. Cal.</u>, 463 U.S. 1, 21 (1983), <u>superseded on different grounds by</u> <u>Chivas Products Ltd. v. Owen</u>, 864 F.2d 1280 (6th Cir. 1988).  In the absence of some indication of legislative intent to grant additional parties standing to sue, the list in Section 502 should be viewed as exclusive.  <u>Chemung Canal Trust Co. v. Sovran Bank/Maryland</u>, 939 F.2d 12, 14 (2d Cir. 1991).

Section 502(a)(1)(B) of ERISA authorizes health plan participants and beneficiaries to bring civil enforcement actions to recover plan benefits.  29 U.S.C. § 1132(a)(1)(B).  ERISA defines a "beneficiary" as a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.  29 U.S.C. § 1002(8).  The statute defines a "participant" as any employee or former employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan.  29 U.S.C. § 1007(7).  Plaintiffs do not contend in the Complaint that they fall among the parties statutorily authorized by ERISA §502(a)(1)(B) to bring suit in federal court.

Several circuit courts have carved out a narrow exception to the ERISA standing requirements.  <u>See</u>, <u>e.g.</u>, <u>Simon v. General Elec. Co.</u>, 263 F.3d 176, 178 (2d Cir. 2001).  This narrow exception grants standing only to healthcare providers to whom a beneficiary has assigned his claim in exchange for health care.  <u>I.V. Servs. of Am., Inc. v. Trustees of the Am. Consulting Eng'rs Council Ins. Trust Fund</u>, 136 F.3d 114, 117 n.2 (2d Cir. 1998).  Plaintiffs are not healthcare provider assignees, therefore Plaintiffs do meet the exception.

Moreover, Plaintiffs cannot argue that they would have standing to sue in federal court as

4

an assignee of a plan beneficiary under 29 U.S.C. § 1132(a) because Plaintiffs are participating providers. Upon execution of the contract between Plaintiffs and Defendant, Plaintiffs agreed to look solely to the Fund for payment of all claims for covered service and to not accept an assignment of benefits from the Fund's members.

Since Plaintiffs are not participants, beneficiaries, or assignees to the Fund, under ERISA, Plaintiffs lack standing to bring these claims in federal court. Therefore, the Complaint must be dismissed.

Here, the Plaintiffs assert state law claims as the healthcare provider under an ERISA-covered employee welfare benefit plan. Some circuit courts have authorized jurisdiction to certain non-enumerated parties based on a three-part test for determining implied statutory authority to sue. See, e.g., Fentron Industries v. National Shopmen Pension Fund, 674 F.2d 1300, 1304 (9th Cir. 1982) (employer permitted to sue as an interested party).

However, the Second Circuit rejected the non-enumerated party standing concept. Pressroom Union Printers League Income Security Fund v. Continental Assurance Co., 700 F.2d 889, 892 (2d Cir. 1983). The Second Circuit's decision was founded on the jurisdictional principle that only Congress is empowered to grant and extend subject matter jurisdiction of the federal judiciary, and courts cannot infer a grant of jurisdiction absent clear legislative mandate. Id.

Since there has been no legislative mandate granting an ERISA civil enforcement cause of action to a healthcare provider who is bound under the terms of a contract, the Plaintiffs lack standing to bring this action in federal court and, accordingly, the Complaint must be dismissed.

**POINT II**

**THIS COURT MAY NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE CLAIMS**

A court may exercise supplemental jurisdiction over a plaintiff's state law claim only if the court had original jurisdiction over the primary federal claim. Doe v. Smith, 2001 U.S. Dist. Lexis 24974, at * 20-21 (E.D.N.Y. Jan. 12, 2001). In summarizing this principle, "a number of courts have stated that if a federal cause of action is dismissed on a Federal Rule of Civil Procedure 12(b)(1) motion for lack of subject matter jurisdiction, then the court may not exercise supplemental jurisdiction over the related state law claims." Id. (citing Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)). A Rule 12(b)(1) dismissal postulates that there was never a valid federal claim. Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1255 (6th Cir. 1996). Here, Plaintiffs are not plan participants, beneficiaries, or assignees and therefore do not have standing because their breach of contract claims are not valid federal claims. Ward v. Alternative Health Delivery Systems, Inc., 261 F.3d 624, 627 (6th Cir. 2001).

In Ward, a chiropractor who was a participating provider in the defendant HMO's network, sued pursuant to ERISA as well as a number of state law claims, including breach of contract and unjust enrichment. Id. at 625. The court held that Ward did not have standing to sue under ERISA's civil enforcement provision because she was neither a plan participant nor beneficiary. Id. at 627. The circuit court determined that once the trial court dismissed the plaintiff's ERISA claims (the only claims within its original jurisdiction) for lack of subject matter jurisdiction, the court did not have jurisdiction to over plaintiff's state law claims. Id.

Similar to the plaintiff's situation in Ward, since Plaintiffs' state law claims for breach of contract do not independently confer federal subject matter jurisdiction, Plaintiffs' claims must be dismissed for lack of subject matter jurisdiction. Warner v. Ford Motor Co., 46 F.3d 531, 534 (6th Cir. 1995) (a state law claim related to ERISA does not convert it into an action arising

6

under federal law).

## CONCLUSION

For the forgoing reasons, this Court should grant Defendant's motion to dismiss the Complaint for lack of subject matter jurisdiction.

Dated: New York, New York
       July 26, 2004

                          Respectfully Submitted,

                          1199 National Benefit Fund for Health and Human Services

                          By:    /s/
                                Key A. Mendes (KM1984)
                                Associate Counsel
                                330 West 42nd Street, 31st Floor
                                New York, NY  10036
                                (646) 473-6041 (phone)
                                (646) 473-6049 (facsimile)

                          Attorney for Defendant

N:\USERS\Attorneys\Legal\Litigation\Cases\Sewell Caricare\Sewell Memo of Law km.doc