UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CLINTON SEWELL, M.D. and
CARICARE MEDICAL SERVICES, P.C.,

          Plaintiffs,

    -against-

1199 NATIONAL BENEFIT FUND FOR HEALTH
AND HUMAN SERVICES,

          Defendant.
-------------------------------------------------------------------X

Case No. 04-CV-04474
ECF Case

AFFIRMATION OF
KEY A. MENDES

      KEY A. MENDES, being duly sworn, deposes and affirms that the following statements are true, and those made upon information and belief she believes to be true, under penalties of perjury:

1. I am an attorney admitted to practice in the courts of the State of New York and represent the Defendant, 1199 National Benefit Fund for Health and Human Services (the "Fund") in this matter.

2. I am fully familiar with the pleadings in this matter, and make this affidavit in support of Defendant Fund's Motion to Dismiss pursuant to the Federal Rule of Civil Procedure 12(b)(1), on the grounds that Plaintiffs' claims are not governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001 et seq. ("ERISA"), rather the claims are governed by the terms of the contract between Plaintiffs and Defendant.

3. Plaintiffs bring this action against the Fund alleging that the Fund has failed to pay medical claims from January 2000 through March 2004, in violation of the terms of the contract between Plaintiffs and Defendant.

4. The Fund is a multi-employer trust fund established in accordance with section 186(c) of the Labor Management Relations Act, 1947, an "employee welfare benefit plan" as that term is defined in ERISA, and a Voluntary Employee Beneficiary Association, as that term is defined in Section 501(c)(9) of the Internal Revenue Code.  As a multi-employer trust, the Fund is entirely financed by contributions from contributing employers pursuant to various collective bargaining agreements between New York's Health and Human

      Service Employees Union, 1199SEIU, AFL-CIO and the employers, or their bargaining agents, such as the League of Voluntary Hospitals and Homes of New York and is administered by a board of trustees consisting of representatives of both labor and management for the purpose of providing healthcare and welfare benefits to Covered Employees and their qualified dependents.

5. Plaintiffs are participating providers with the Fund, having signed a Physician Participation Agreement (the "Contract") on January 19, 1999, with the Fund to provide health care services to the Fund's participants. A copy of the Contract is attached as Exhibit A to Plaintiffs' Complaint.

6. Plaintiffs allege six counts of breach of contract (state law claims) for failure to pay medical claims submitted pursuant to the contract between Plaintiffs and Defendant.

7. Plaintiffs allege that their claims arise under ERISA, however they are not beneficiaries of or participants in the Fund, and therefore do not fall among the parties statutorily authorized by §502(a)(1)(B) to bring suit in federal court.

8. Furthermore, Plaintiffs do not have standing to sue in federal court as assignees of a plan beneficiary under 29 U.S.C. § 1132(a), because no form of assignment of benefits was executed. Upon execution of the contract between Plaintiffs and Defendant, Plaintiffs agreed to look solely to the Benefit Fund for payment of all claims for covered service.

9. Section 6 of the Contract stipulates that:

> In no event, including but not limited to non-payment by the Benefit Fund or other breach of this agreement, **shall** Physician bill, charge, collect a deposit from, seek compensation, remuneration or reimbursement from or have any recourse against any Member or person acting on the Member's behalf for services provided pursuant to this Agreement.

10. By entering into the contract with Defendant, Plaintiffs agreed not to accept an assignment from the Fund's members.

      WHEREFORE, for the reasons stated above, and more fully detailed in the accompanying memorandum of law, Defendant respectfully requests that this action be

dismissed pursuant to Rule 12(b)(1).

          /s/
Key A. Mendes (KM1984)
Associate Counsel
1199 National Benefit and Pension Funds
Legal Department
330 West 42nd Street, 31st Floor
New York, NY  10036
(646) 473-6041 (phone)

Attorney for Defendant