```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
CLINTON SEWELL, M.D. and            :
CARICARE MEDICAL SERVICES, P.C.,    :
                                    :   04 Civ. 4474 (JSR)
            Plaintiffs,             :
                                    :   MEMORANDUM ORDER
       -v-                          :
                                    :
THE 1199 NATIONAL BENEFIT FUND FOR  :
HEALTH AND HUMAN SERVICES,          :
                                    :
            Defendant.              :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

By this lawsuit, plaintiffs Clinton Sewell, M.D. and Caricare Medical Services, P.C. claim that the defendant, The 1199 National Benefit Fund for Health and Human Services (the "Fund"), breached a contract between the parties entitled the Physician Participation Agreement (the "Agreement"), which was entered into on January 19, 1999. See Physician Participation Agreement, January 19, 1999, attached as Exhibit A to Plaintiffs' Motion for Summary Judgment. Under the Agreement, plaintiffs were to provide medical services to Fund participants (called "Members") and be compensated in accordance with the Fund's schedule of allowances. See id. ¶ 5; Memorandum of Law in Support of Defendant/Cross-Plaintiff's Motion for Summary Judgment of Plaintiffs/Cross-Defendants' Claims ("Def. Mem.") at 2. Following a "utilization analysis" in November, 2003 that concluded that plaintiffs had overbilled the Fund by $220,356, see Affidavit of Ralph Ullman, January 21, 2005 ("Ullman Aff."), ¶¶ 5-9, defendant, between January and November, 2004, withheld payment of $205,955.12 in claims submitted by plaintiffs, see id. ¶¶ 10-11. Plaintiffs then

brought this suit, alleging that these sums had been wrongly withheld and that they suffered other damages as well.

On October 16, 2004, the Court denied defendant's motion to dismiss for lack of standing, finding that plaintiffs were proper assignees of the Members of the Plan. See Order dated October 15, 2004. On November 4, 2004, defendant filed its Answer and Counterclaims ("A&C"), claiming that plaintiffs were liable to defendant for fraud, unjust enrichment, and breach of contract. See A&C ¶¶ 62-170. Following discovery, both sides moved for summary judgment. In addition, defendant raised two objections to the Court's jurisdiction. See Def. Mem. at 10-14.

With one exception, these motions lack merit. As to the jurisdictional objections, it is beyond question that the Court has subject matter jurisdiction over this action and that plaintiffs have standing to sue. As the Court already explained at length during oral argument on the motion to dismiss, see transcript, October 15, 2004, defendant is a multi-employer, self-administered benefit fund, as defined in ERISA, 29 U.S.C. § 1002, and the presence of a private contract does not erase the fact that ERISA governs. Under § 502(a)(1)(B) of ERISA, health plan participants and beneficiaries are authorized to bring federal civil enforcement actions in order to recover plan benefits, 29 U.S.C. § 1132(a)(1)(B), and it is settled law in this Circuit that assignees of those participants and beneficiaries have standing to sue under ERISA to recover for medical expenses incurred. See, e.g., Simon v. General Electric, Co., 263

F.3d 176, 178 (2d Cir. 2001). Moreover, defendant has produced no evidence to suggest that plaintiffs are not valid assignees of the participant Members of the Fund.

As for defendant's further argument that the Court lacks jurisdiction because plaintiffs failed to exhaust their administrative remedies in the form of the Fund's internal review and appeal process, the Fund's procedures place the onus on the Fund, and not plaintiffs, to request an internal review, and defendant has produced no evidence of any such request. Further, the document upon which defendant relies as mandating an internal review, namely, the "Summary Plan Description," clearly applies to the relationship between the Plan and the Plan's Members, and not to the relationship between plaintiffs and defendant. See Summary Plan Description, attached as Exhibit B to Plaintiffs' Motion for Summary Judgment. Finally, the internal appeals process is triggered by a written notice from the Plan administrator denying payment of benefits, and defendant has produced no evidence of such a written denial.

As to the parties' cross-motions for summary judgment on the substantive claims, genuine issues of material fact remain that preclude summary judgment on any claim except for defendant's counterclaim for unjust enrichment. Unjust enrichment is an equitable claim that, under New York law (which governs this claim here), will not lie where the rights and relationships on which it is premised is governed by an express contract. See, e.g., Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co., 70 N.Y.2d 382, 388 (N.Y. 1987); Elias v. Albanese, 00 Civ. 2219, 2000 U.S. Dist.

3

LEXIS 11929, at *13 (S.D.N.Y. Aug. 21, 2000). Here, it is undisputed that the Agreement fully governs the rights and relationships on which the unjust enrichment counterclaim is premised. Accordingly, that counterclaim must be dismissed.

In sum, the Court hereby grants plaintiffs' motion for summary judgment dismissing defendant's unjust enrichment counterclaim, and hereby denies the parties' summary judgment motions in all other respects. The parties are reminded that trial will commence promptly at 9 a.m. on September 6, 2005 in Courtroom 14-B, 500 Pearl Street, New York, NY.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       June 22, 2005